Allied Property & Casualty Insurance Company
Mr. Chad Christiansen
5-9-14; P.2

# PEDROLI & GAUTHIER, LLC

A Law Firm
7777 Bonhomme Avenue, Suite 2250
Clayton, MO  63105-1911
(314) 726-1817
Fax:  (314) 726-6087
WWW.MYELGALWORLD.COM
mylegalworld@sbcglobal.net

Robert H. Pedroli, Jr.*
Daniel J. Gauthier*
Eric A. Ruttencutter

*Licensed in MO and IL

May 9, 2014

Via-Facsimile- 877-725-0551
Allied Property & Casualty Insurance Company
Mr. Chad Christiansen
P.O. Box 26005
Daphne, AL  36526

In re:   My Client:        Tyler Simpson
         Date of Loss:     3/16/13
         Claim No.:        722420149604-03162013-01

Dear Mr. Christiansen:

This is to advise you that Missouri case law clearly holds that the definition of underinsured motor vehicle contained in the Allied policy is vague when read in conjunction with the limits of liability provisions and the effect language.

See Fanning v. Progressive, Ritchie v. Allied Property & Casualty Ins. Co., and Jones v. Mid-Century Ins. Co. We discussed these cases yesterday. You thought there were inconsistent cases in the eastern district and the Fanning case is a western district case and doesn't really apply here. I am unaware of any eastern district court of appeals cases that take precedence over Fanning or Ritchie. The Circuit Court cases may have held otherwise, but we had a case where the Circuit Court Judge in the city reversed his holding after the Fanning decision became final. See attached. Remember that there is a unified court of appeal and a western district decision is valid throughout the state. Therefore the issue is resolved. To deny this claim is to deny the law in Missouri on this issue and would be a bad faith denial.

Please advise if Allied will reverse their prior denial of coverage in this case. If not, I would like the reasons set forth in writing with your legal support. We also discussed the settlement with the underlying insurer. Missouri law does not require permission from an underinsurer to settle the tortfeasor as there is no prejudice since the limits are being paid. Please advise if you disagree with this. I have been provided with evidence of the coverage amount of $100,000.00 and that is tendered as the settlement. Therefore, if you think permission is required please advise if we have permission and if not please explain your entire basis for refusing permission. Note that Allied has already denied coverage in the first place. Enclosed is the evidence from Geico.

EXHIBIT

2

05/09/2014 2:29 PM FAX  31472   37                                    ☑ 0003/0031

Allied Property & Casualty Insurance Company
Mr. Chad Christiansen
5-9-14;  P.2

I await your prompt reply.  Please reconsider your position.

Kindest regards,

Robert H. Pedroli, Jr.

RHP:pr
Enclosures