

**DANNA McKITRICK, P.C.**
ATTORNEYS AT LAW

7701 Forsyth Blvd.      314.726.1000
Suite 800               636.946.2203
St. Louis, MO 63105     314.725.6592 fax

Kevin E. Myers
Direct: (314) 889-7197
E-Mail: kmyers@dmfirm.com

May 29, 2014

Robert H. Pedroli, Jr.
Pedroli & Gauthier, LLC
7777 Bonhomme Avenue, Suite 2250
Clayton, Missouri 63105

RE:   *Allied Property & Casualty Insurance Company v. Simpson, Tyler*
      Our File No.: **10150-23714**

Dear Mr. Pedroli:

In response to your e-mail and phone conversation with Mr. Cooney, we have reviewed your claim that federal subject matter jurisdiction is lacking in this matter. As you are undoubtedly aware, in a declaratory judgment action, to determine the amount in controversy, the court looks to the value of the object of the litigation. In this case, the object of the litigation is the underinsured motorist coverage of the insurance policy, which has a per person limit of liability of $100,000.00. Based on the limit and your request for Allied's position "on the issue of whether there is an additional $100,000.00 in UIM coverage," there is a factual basis for diversity jurisdiction over this matter.

I understand that it is your position that your client's claim under the Allied underinsured motorist coverage is not worth more than $75,000.00. If such is the case, then there may not be federal subject matter jurisdiction. However, to support a dismissal of a federal action for lack of subject matter jurisdiction based on the amount in controversy, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indemnity Company v. Red Cab Company*, 303 U.S. 283, 288 – 289 (1938). The "legal certainty" can be established if your client irrevocably stipulates that the amount of his claim against Allied does not exceed and will never exceed $75,000.00. See *Workman v. Kawasaki Motors Corp., U.S.A.*, 749 F.Supp. 1010 (W.D.Mo. 1990). In *Workman*, the Western District found that subject matter jurisdiction was lacking due to the plaintiff's irrevocable stipulation that the amount of his claim "is and forever will be less" than the jurisdictional amount. *Id.* at 1011. The Court also cited a decision of a federal court in Michigan that took a claimant's refusal to so stipulate as evidence that it had subject matter jurisdiction over the case.

In light of the foregoing, we have prepared a stipulation for your review in which you and your client irrevocably stipulate that the amount of any claim your client may make against Allied arising from the collision at issue is and forever will be less than $75,000.00. This stipulation would be binding regardless of whether the claim is asserted against Allied in this a[ction]

**EXHIBIT 3**

www.dannamckitrick.com

Robert H. Pedroli, Jr.
May 29, 2014
Page 2

subsequent declaratory judgment action or any action filed against Allied by your client. In exchange for this irrevocable stipulation, Allied would confess a Motion to Dismiss for Lack of Subject Matter Jurisdiction without prejudice to re-filing in state court. In the absence of such a stipulation, Allied will oppose any such motion as there is no legal certainty that your client's claim will not exceed $75,000.00.

With regard to the substantive issue at the heart of this matter, as you were advised on **May 3, 2013**, it is Allied's position that there is no coverage under the underinsured motorists coverage under these circumstances in that the vehicle operated by the alleged negligent driver in this matter does not fall within the definition of "underinsured motor vehicle." The limit of the alleged negligent driver's policy is not less than the limit of the underinsured motorist coverage provided under the Allied policy.

You dispute the denial by referring to the "numerous Missouri cases that have come down holding coverage in similar situations since the previous Allied denial." We are aware of only one Missouri appellate case since May 3, 2013 in which the definition of "underinsured motor vehicle" was disregarded under similar circumstances. In that case, *Fanning v. Progressive Northwestern Insurance Company*, the Western District of the Court of Appeals found ambiguities created by provisions that are not present in the Allied policy. 412 S.W.3d 360 (Mo.App.W.D. 2013). In insurance coverage cases, Missouri courts are clear that "other decisions 'are not dispositive in the absence of identical policy language.'" See *Kennedy v. Safeco Insurance Company of Illinois*, 413 S.W.3d 14, 17 (Mo.App.S.D. 2013). Because the provisions that created the ambiguities identified in *Fanning* are not present in the Allied policy, *Fanning* does not control this matter.

As I do not expect you to abandon your position based on this letter any more than you should expect Allied to abandon its position based on your e-mails, the most efficient way to resolve this coverage dispute is to litigate the matter in this declaratory judgment action. In that regard, please advise as to whether your client will irrevocably stipulate that his claim against Allied is and forever will be less than $75,000.00. We await your response.

If you should have any comments or questions concerning this or any other matter, please feel free to call.

Sincerely,

DANNA MCKITRICK, P.C.

KEVIN E. MYERS

KEM:kem

doc: 982710.docx

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, ) ) ) Plaintiff, ) ) v. ) TYLER SIMPSON, ) ) Defendant. ) | Cause No.: |

### DEFENDANT TYLER SIMPSON'S IRREVOCABLE STIPULATION OF AMOUNT IN CONTROVERSY

COMES NOW Defendant, **Tyler Simpson**, individually, and by and through his attorney, Pedroli & Gauthier, LLC, in order for there to be a sufficient basis for this cause to be dismissed, and for the, further, specific purposes of:

(a) refuting plaintiff Allied Property and Casualty Insurance Company's assertion in its Complaint for Declaratory Judgment that the amount in controversy exceeds the sum of Seventy-five Thousand Dollars, exclusive of interest and costs, in order to meet the required jurisdictional amount for this Court to exercise original diversity jurisdiction in this cause pursuant to 28 U.S.C. 1332;

(b) showing this Court that federal subject matter jurisdiction is lacking herein; and,

(c) being forever bound by the statements and stipulations set forth below, including each and every term and condition herein;

and, in consideration thereof and in exchange for plaintiff Allied Property and Casualty Insurance Company's agreement not to oppose defendant's Motion to Dismiss, which is acknowledged by the undersigned to have value and constitute consideration herein, in connection herewith, Tyler Simpson and Pedroli & Gauthier, LLC, do HEREBY VOLUNTARILY AND IRREVOCABLY enter into this Stipulation of their OWN FREE WILL AND CHOICE, as follows, to-wit:

1.  Defendant Tyler Simpson hereby irrevocably agrees that the amount of damages claimed by him against Allied Property and Casualty Insurance Company, including any statutory penalties and attorneys' fees, arising from the motor vehicle accident of March 16, 2013 is and will forever be less than Seventy-Five Thousand Dollars (**$75,000.00**), exclusive of interest and costs.

2.  Defendant Tyler Simpson hereby irrevocably agrees to the entry of an order of court (federal court and/or state court) which places an irrevocable cap upon the amount of damages which may be sought by, awarded to and/or collected by defendant Tyler Simpson against defendant Allied Property and Casualty Insurance Company in any action arising from the motor vehicle accident of March 16, 2013, whether now pending or filed in the future. This cap shall be set as Seventy-Five Thousand Dollars (**$75,000.00**), exclusive of interest and costs.

3.  Defendant Tyler Simpson agrees, acknowledges, and understands that this Stipulation is binding upon him and cannot be rescinded or revoked under any circumstance regardless of any developments, presently contemplated or otherwise, which may occur during the investigation, discovery, pretrial or trial of this action or any action arising from the motor vehicle accident of March 16, 2013, whether now pending or filed in the future.

**CAUTION: READ CAREFULLY BEFORE SIGNING**

_____
**Tyler Simpson, Defendant**

STATE OF _____ )
                                                      )   SS
COUNTY OF _____ )

Subscribed and sworn to before me this \_\_\_ day of _____, 2014.

_____
Notary Public

My Commission Expires:

DANNA MCKITRICK, P.C.

BY: _____
    John F. Cooney, #32522MO
    Kevin E. Myers, #51838MO
    7701 Forsyth Blvd., Suite 800
    St. Louis, MO 63105-3907
    Phone: (314) 726-1000
    Fax: (314) 725-6592
    E-mail: jcooney@dmfirm.com
    E-mail: kmyers@dmfirm.com

**ATTORNEYS FOR PLAINTIFF**

PEDROLI & GAUTHIER, L.L.C.

BY: _____
    Robert H. Pedroli, Jr., #_____
    7777 Bonhomme Avenue, Suite 2250
    Clayton, Missouri 63105-1911
    Telephone: (314) 726-1817
    Facsimile: (314) 726-6087

**ATTORNEYS FOR PLAINTIFF**