UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:14CV948 JCH |
|  | ) |  |
| TYLER SIMPSON, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

# MEMORANDUM AND ORDER

This matter is before the Court on Defendant Tyler Simpson's Motion to Dismiss, filed July 21, 2014. (ECF No. 4). The motion is fully briefed and ready for disposition.

## BACKGROUND[1]

Plaintiff Allied Property and Casualty Insurance Company ("Allied") issued a policy of Personal Automobile Insurance, Policy No. PPCM0035591631-1 ("the Policy"), to Defendant Tyler Simpson ("Simpson"). (Complaint for Declaratory Judgment ("Compl."), ¶ 6). The policy period was to run from February 9, 2013, to February 9, 2014. (Id.). Simpson alleges that on March 16, 2013, he was involved in a motor vehicle collision with a vehicle driven by Ms. Tiffany Thiemann. (Id., ¶ 7).

The Underinsured Motorists Coverage Endorsement of the Policy provided that:

**INSURING AGREEMENT**

A. We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "underinsured motor vehicle" because of "bodily injury":

1. Sustained by an "insured"; and

---

1 The Court's background section is taken from Allied's Complaint for Declaratory Judgment, to which Simpson has not filed an Answer.

2. Caused by an accident.

> The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "underinsured motor vehicle".

> \*\*\*

C. "Underinsured motor vehicle" means a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the limit of liability for this coverage.

(Compl., ¶ 8). The Underinsured Motorists Coverage Endorsement provided:

**LIMIT OF LIABILITY**

A. The limit of liability shown in the Declarations for each person for Underinsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one accident. Subject to this limit for each person, the limit of liability shown in the Declarations for each accident for Underinsured Motorists Coverage is our maximum limit of liability for all damages for "bodily injury" resulting from any one accident.

This is the most we will pay regardless of the number of:

1. "Insureds";

2. Claims made;

3. Vehicles shown in the Declarations; or

4. Vehicles involved in the accident. A vehicle and attached "trailer" are considered one vehicle. Therefore, the Limit of Liability will not be increased for an accident involving a vehicle which has an attached "trailer."

(Id., ¶ 9). Finally, the limit of liability shown in the Declarations for each person for Underinsured Motorists Coverage was $100,000.00 per person. (Id., ¶ 10).

Simpson, through counsel, advised Allied that Ms. Thiemann, the operator of the other vehicle involved in the collision, was insured by a liability insurance policy with a limit for bodily injury liability of $100,000.00 per person. (Compl., ¶ 11). Allied thus maintains that her

vehicle was not an "underinsured motor vehicle," as that term is defined in the Policy. (Id., ¶ 12).

Allied filed this Complaint for Declaratory Judgment on May 19, 2014, seeking a determination of its obligations under the Policy. (ECF No. 1). In its Complaint, Allied alleges this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the case and controversy is between citizens of different states, and the amount in controversy is greater than $75,000.00, exclusive of interest and costs. (Compl., ¶ 3). As stated above, Simpson filed the instant Motion to Dismiss on July 21, 2014, asserting the Court lacks subject matter jurisdiction because the amount in controversy requirement has not been satisfied. (ECF No. 4).

## **DISCUSSION**

In order to maintain its declaratory judgment action in federal court, Allied must establish that the controversy falls within the subject matter jurisdiction of the Court. *Cotton States Mut. Ins. Co. v. Peacock*, 949 F.Supp. 823, 824 (M.D. Ala. 1996). As stated above, in this case Allied maintains jurisdiction is proper under 28 U.S.C. § 1332, as there exists complete diversity of citizenship and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332 states in relevant part as follows:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>
> (1) citizens of different States;

28 U.S.C. § 1332(a)(1). The United States Supreme Court has explained the statute's amount in controversy requirement as follows:

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.

*St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938) (internal footnotes omitted).

The Eighth Circuit repeatedly has held that, "in a suit for declaratory or injunctive relief the amount in controversy is the value to the plaintiff of the right that is in issue." *Usery v. Anadarko Petroleum Corp.*, 606 F.3d 1017, 1018 (8th Cir. 2010) (citations omitted). Allied originally claimed the amount in controversy requirement was met, both because Simpson's attorney suggested that his client may be eligible for the underinsured motorist limits available, i.e., $100,000.00, and because he invoked the term "bad faith denial," thus implying that his client intended to make a claim for vexatious refusal to pay.[2] (Allied's Memorandum of Law in Opposition to Motion to Dismiss, P. 2). Allied continued, however, as follows:

> There is an established method for demonstrating a legal certainty that a claim does not meet the amount in controversy. The federal courts in Missouri have recognized that a claimant may irrevocably stipulate that the amount of damages claimed are and forever will be less than the required amount in controversy. **See, e.g.,** ***Workman v. Kawasaki Motors Corporation***, **749 F.Supp. 1010 (W.D. Mo. 1990);** *Slavin v. State Farm Mutual Automobile Insurance Company*, **2005 WL 3274337 (E.D. Mo. 2005).** The stipulation must agree to the entry of an order placing an irrevocable cap on the amount of damages that may be awarded to the claimant. ***Workman*, 749 F.Supp. at 1010.** Placing such a cap on the amount recoverable would demonstrate the legal certainty lacking in this matter.

---

2 Such a claim would open the door to the imposition of statutory penalties and attorney's fees.

(Id., P. 4). Allied concluded its opposition by asserting its willingness to consent to the dismissal of this action, if Simpson entered an irrevocable stipulation that his claim is now and forever will be for less than $75,000.00. (Id., PP. 5-6).

In response to Allied's demands, Simpson first submitted an Irrevocable Stipulation, signed by his attorney and stating as follows: "Comes now Defendant, Tyler Simpson, by and through his attorney, Robert H. Pedroli, Jr., and irrevocable [sic] stipulates that if an award or verdict is entered in this case in favor of Tyler Simpson in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, in any suit or action upon the subject matter of this lawsuit, the judgment shall be reduced and entered for Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs." (*See* ECF No. 9-1). When Allied complained that the stipulation was executed by Simpson's attorney, rather than Simpson himself, Simpson submitted a sworn Affidavit, stating as follows:

> 1. If any lawsuit is filed arising out of any underinsured motorist claim I have for the accident of March 16, 2013, I agree that any judgment obtained in excess of $75,000.00 shall be reduced to $75,000.00 exclusive of interest and costs.
>
> 2. Any such lawsuit shall explicitly limit the prayer for relief so as to not exceed $75,000.00 exclusive of interest and costs.

(*See* ECF No. 15, P. 3).

Upon consideration of the foregoing, the Court finds Simpson has established to a legal certainty that his claim is for less than the requisite jurisdictional amount. *See Bell v. The Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). Simpson's Motion to Dismiss for Lack of Subject Matter Jurisdiction will therefore be granted.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Tyler Simpson's Motion to Dismiss (ECF

No. 4) is **GRANTED,** and Allied's Complaint for Declaratory Judgment is **DISMISSED**. An appropriate Order of Dismissal will accompany this Order.

Dated this  9th Day of September, 2014.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE